[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR AN APPOINTMENT OF RECEIVER OF RENTS
The court has previously heard a similar application from the plaintiff, seeking its appointment as receiver of rents for property known as 144 Grove Street, Waterbury, Connecticut. In denying the previous motion, the court directed the defendant to provide detailed evidence of its application of the rent proceeds of the property. The plaintiff was further directed to renew such motion if the application of proceeds was not documented or appropriate
The plaintiff has renewed its motion and resolved disputes with the utility companies (C.L.P. and Yankee Gas) who now support its appointment as receiver of rents for the property.
At a hearing on the motion, the plaintiff established that rent receipts had gone to pay prospective accounting obligations of the property, while taxes and utility bills remained outstanding.
The defendant has also persisted in his practice of writing checks to pay creditors of the property and either holding them or issuing them with instructions not to deposit until further instruction. The defendant's practices make its reports (Exhibits 1, 2 3) misleading and of little value.
The object of the appointment of a receiver is to secure the property in dispute from waste or loss, Hartford Federal Savings 
Loan Assn. v. Tucker, 196 Conn. 172, 175 (1985).
In this action, the plaintiff is seeking to foreclose a substantial first mortgage on the subject property. The defendant has stopped making payments on such mortgage and asserts counter claims against the plaintiff. The parties appear to be involved in protracted litigation.
The property under the defendants management has incurred substantial utility and tax arrearages, which threaten the asset with waste and/or loss. In order to protect the asset to which the plaintiff looks to satisfy its debt claim, it is necessary to appoint a receiver of rents to properly manage the property; particularly by addressing the tax and utility obligations. CT Page 3078
For the reasons stated above, the motion is granted and plaintiff is appointed Receiver of Rents for 144 Grove Street, Waterbury, Connecticut upon its posting of a bond in the amount of $50,000 to secure its performance as receiver of rents.
McWEENY, J.